IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAROL HAMMONDS,

        PLAINTIFF,

v.                               CASE NO. C2-07-165
                                 JUDGE EDMUND A. SARGUS, JR.
                                 MAGISTRATE JUDGE NORAH MCCANN KING

COMMISSION OF SOCIAL SECURITY,

        DEFENDANT.

## OPINION AND ORDER

        This is an action under the provisions of 42 U.S.C. §§ 405(g), 1383 for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for disability insurance benefits and supplemental security income. On August 6, 2008, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the decision of the Commissioner be affirmed and that the action be dismissed. *Report and Recommendation*, Doc. No. 14. This matter is now before the Court on *Plaintiff's Objections,* Doc. No. 15, to that *Report and Recommendation*, which the Court will consider *de novo. See* 28 U.S.C. § 636(b).

        The administrative law judge found that plaintiff's severe impairments consist of the following: "degenerative joint disease of the knees, morbid obesity, history of breast cancer with residuals of mastectomy, depressive disorder, anxiety disorder and personality disorder. These impairments significantly effect the claimant's ability to perform basic work-related functions and are 'severe' within the meaning of the Social Security Act." ALJ Decision, p. 11.

The plaintiff was 52 years of age at the time of the hearing held before the administrative law judge on March 8, 2006. The record reveals that Hammonds has an eighth-grade education. She weighs 330 pounds and is 5'3" tall. She last worked in March of 2002 as a fast-food worker.

Notwithstanding the severe impairments described in the opinion, the administrative law judge determined that the plaintiff had residual functional capacity for a limited range of light work. Based upon the testimony of a vocational expert, the administrative law judge concluded that the plaintiff could perform jobs that exist in significant numbers in the national economy including such positions as laundry folder, photocopying machine operator, toy stuffer and type copy examiner. As a result of these conclusions, the administrative law judge determined that the plaintiff is not disabled within the meaning of the Social Security Act.

As the Magistrate Judge correctly noted:

> Pursuant to 42 U.S.C. §405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).
>
> In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the

matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth v. Comm'r Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

The plaintiff contends that the decision of the administrative law judge concluding that Hammonds is capable of light work is not supported by substantial evidence and is contrary to law. The question of whether Hammonds is capable of only sedentary work as opposed to light work is outcome determinative in this case. Under the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. II, a claimant who is 52 years of age (defined as "approaching advanced age" § 200.00(g), with an eighth-grade education ("limited" as defined in 20 C.F.R. § 404.1654(b)(3)) who has previous work experience in unskilled positions is deemed to be totally disabled if such person's residual functional capacity is for sedentary work only. If, however, such person is capable of light work, no such conclusion is reached.

20 C.F.R. § 404.1567 defines both sedentary and light work as follows:

> To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy. These terms have the same meaning as they have in the Dictionary of Occupational Titles, published by the Department of Labor. In making disability determinations under this subpart, we use the following definitions:
>
> > (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
> >
> > (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is

3

> in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. <u>If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time</u>. [Emphasis added]

The administrative law judge made a specific finding that Hammonds could do light work, with certain restrictions. The administrative law judge concluded that to do light work, Hammonds "should be permitted to alternate between sitting and standing as needed with the opportunity to sit as much as 15 minutes during every hour of work." (ALJ Decision, p. 11).

From this conclusion, the administrative law judge determined that Hammonds has the residual functional capacity to stand for six hours on an eight hour shift with 15 minutes each hour devoted to sitting. This Court, however, finds no substantial evidence to support such conclusion.

As noted, the administrative law judge made a specific finding that the plaintiff suffered from a severe impairment of degenerative joint disease of the knees. The record reflects that Hammonds has received over a period of years regular injections in her knee. Her treating physician, Dr. Bonner, has reported significant swelling of Hammonds' legs and feet. Further, the administrative law judge also determined that the plaintiff suffers from morbid obesity, placing substantial amount of weight upon knees which were found to be severely degenerated.

The decision of the administrative law judge does not explain this obvious contradiction in findings. The administrative law judge did note that the claimant stopped

4

working due to a layoff, which he noted was not because of an alleged disability. The record, however, reflects that the plaintiff was laid off in March of 2002, more than four years prior to the hearing held in 2006. Consequently, the fact that a plaintiff could work in 2002 does not support a conclusion that she could work in 2006, particularly in light of the severe impairments specifically found by the administrative law judge.

The administrative law judge also found:

> There is little evidence if significant degenerative joint disease. However, the claimant received injections in the knees. That mode of treatment indicates a least a degree of pathology. On the other hand, there is no substantial evidence to corroborate the claimant's allegations of chronic disabling back pain or foot pain.

Again, this conclusion is contradicted by earlier findings that Hammonds' suffered a severe impairment of the knees. Further, records from her treating physician, Dr. Bonner, contained numerous findings regarding swelling of the legs and feet and constant complaints of pain in both regions.

The record considered by the administrative law judge demonstrated, as the administrative law judge himself concluded, that Hammonds suffers from a severe impairment involving degenerative joint disease of the knees. Further, her record of treatment includes repeated injections in her right knee and constant complaints of pain in that extremity. Further, the administrative law judge also found that the claimant has a severe impairment based upon morbid obesity, a condition which prevents long periods of standing, particularly when coupled with degenerative joint disease of the knees.

From this, the Court concludes that there is no substantial evidence to support a finding that Hammonds is capable of light work, requiring a substantial period of time standing

5

on her feet or walking. The record does not, however, justify an award of benefits given the state of the evidence. This case is more properly remanded for additional review of the combined effect of degenerative joint disease of the knees and morbid obesity on the plaintiff's ability to perform light work. Plaintiff's objections are, therefore, **SUSTAINED**. This case is **REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.

  **IT IS SO ORDERED.**

_9-30-2008_
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**